United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                           Case No. 19-10802-mdc
Franklin Warren                                                  Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2        User: DonnaR          Page 1 of 1         Date Rcvd: Jan 13, 2020
                           Form ID: pdf900        Total Noticed: 1


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 15, 2020.
db              +Franklin Warren,   2300 Virginia Avenue,    Bensalem, PA 19020-3545

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                            TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 15, 2020                           Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 13, 2020 at the address(es) listed below:
          KEVIN G. MCDONALD    on behalf of Creditor    Bayview Loan Servicing, LLC, A Delaware Limited
           Liability Company bkgroup@kmllawgroup.com
          MICHAEL J. SHAVEL    on behalf of Creditor    Wilmington Savings Fund Society, FSB
           mshavel@hillwallack.com,   jrydzewski@HillWallack.com;skenny@hillwallack.com
          United States Trustee   USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER, Esq.   ecfemails@ph13trustee.com,   philaecf@gmail.com
          ZACHARY  PERLICK   on behalf of Debtor Franklin  Warren Perlick@verizon.net,
           pireland1@verizon.net
                                                                     TOTAL: 5

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:      FRANKLIN WARREN      :      CHAPTER 13

               :

           DEBTOR          :      BANKRUPTCY No. 19-10802MDC

**ORDER DISMISSING CHAPTER 13 CASE AND SETTING DEADLINE FOR**
**APPLICATIONS FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES**

AND NOW, consideration of the Motion to Dismiss Case filed by William C. Miller, Standing Trustee ("the Trustee"), and after notice and hearing, it is hereby ORDERED that:

1. This chapter 13 bankruptcy case is DISMISSED.

2. Counsel for the Debtor shall file a master mailing list with the Clerk of the Bankruptcy Court if such has not been previously filed.

3. Any wage orders previously entered are VACATED.

4. Pursuant to 11 U.S.C. §349(b)(3), the undistributed chapter 13 plan payments in the possession of the Trustee shall not revest in the entity in which such property was vested immediately before the commencement of the case. All other property of the estate shall revest pursuant to 11 U.S.C. §349(b)(3).

5. All applications for allowance of administrative expenses (including applications for allowance of professional fees) shall be filed within twenty (20) days of the entry of this Order.

6. Counsel for the Debtor shall serve this Order by first class mail, postage prepaid, on all interested parties within five (5) days of the entry of this Order. Counsel shall file a Certification of Service confirming such service and (1) a Certification of No Response confirming that neither an objection t the proposed compensation nor an application for administrative expense has been filed or (2) certify that such applications have been filed and setting a hearing on all such applications.

7. If no Certification, as required above in Paragraph 6 has been entered on the docket within sixty (60) days of the entry of this Order, then the Standing Trustee shall, if any applications for administrative expenses other than Debtor(s)' Counsel's have been filed, set a hearing thereon or, if n such applications have been filed, be authorized to return such funds to Debtor(s) pursuant to 11 U.S.C. §1326 (a)(2).

BY THE COURT:

_Magdeline D. C_____
THE HONORABLE MAGDELINE D. COLEMAN

Dated:_1/1/2020_